In the

# United States Court of Appeals
## For the Seventh Circuit

No. 15-1518

ANGEL HOUSTON,

*Plaintiff-Appellee,*

*v.*

C.G. SECURITY SERVICES, INC.,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:12-cv-00328 — **William T. Lawrence**, *Judge.*

ARGUED FEBRUARY 26, 2016 — DECIDED APRIL 25, 2016

Before POSNER, FLAUM, and EASTERBROOK, *Circuit Judges.*

FLAUM, *Circuit Judge.* This appeal arises out of a lawsuit brought by plaintiff-appellee Angel Houston, who sustained injuries from a fall during a New Year's Eve party at a Hyatt hotel in Indianapolis. Defendant-appellant C.G. Security Services, Inc. ("C.G.") provided security personnel for the party. During litigation, Houston filed several motions for sanctions against C.G. The district court referred the matter to a magis-

trate judge, who issued a report and recommendation regarding sanctions against C.G. for discovery violations. The district court adopted the magistrate judge's report and recommendation to impose sanctions.

C.G. appeals. Specifically, C.G. claims that the district court abused its discretion by adopting the report and recommendation, as well as by awarding Houston's counsel attorney's fees. We conclude that there was no abuse of discretion and affirm the judgment of the district court.

## I. Background

In March 2012, Houston sued Hyatt Corporation and the Hyatt Regency Indianapolis (collectively, "Hyatt") for breach of contract, intentional misconduct, and negligence in connection with injuries she sustained after falling at the downtown Indianapolis Hyatt hotel during a hotel-sponsored New Year's Eve party on December 31, 2010. Houston claimed that Hyatt failed to provide a safe and secure environment for the party and that this failure was the proximate cause of her injuries as well as consequential damages arising out of those injuries. Houston sought damages in excess of one million dollars.

Several months later, Houston joined C.G. as a defendant in an amended complaint based upon C.G.'s provision of security personnel for the New Year's Eve party. Discovery revealed that Hyatt had used C.G.'s security services for years. Houston alleged that C.G. failed to provide adequate security services and that this failure proximately caused her injuries and damages.

On May 1, 2013, both Hyatt and C.G. moved for summary judgment. A discovery conference was held several weeks

later, on May 22. The district court granted Hyatt's summary judgment motion on February 3, 2014. However, it delayed ruling on C.G.'s motion due to Houston's filing of three motions for sanctions against C.G. for various discovery matters. The district court referred the matter of sanctions to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B).

The magistrate judge examined the three motions for sanctions and found that C.G. had engaged in a pattern of obstreperous discovery behavior by testifying falsely about its documents and discovery efforts, failing timely to correct false representations regarding its discovery, falsifying documents, and impeding the fair conduct of depositions. The magistrate judge recommended that the district court impose monetary sanctions against C.G. In particular, the magistrate judge advised the district court to compel C.G. to pay Houston reasonable attorney's fees for the work of her counsel in the conduct of discovery after C.G. joined the litigation.

Following the magistrate judge's issuance of the report and sanctions recommendation, the district court granted C.G.'s motion for summary judgment on March 14, 2014. The district court declined to enter final judgment pending a determination as to the amount of sanctions to be levied against C.G. C.G. subsequently objected to the magistrate judge's report and recommendation.

The district court considered C.G.'s objection and conducted a de novo review of the magistrate judge's report and recommendation. On September 16, 2014, the district court overruled C.G.'s objection, adopted the report and recommendation, and ordered Houston's counsel to file a petition for fees. Houston's counsel moved for $146,050.00 in attorney's fees and $18,512.10 in costs.

In February 2015, the district court granted in part Houston's motion for attorney's fees. In so doing, the district court considered various objections lodged by C.G. and excluded more than 100 billed hours that appeared unrelated to discovery efforts. The district court ultimately ordered C.G. to pay Houston $118,925.00 in attorney's fees and $16,498.91 in costs, for a total of $135,423.91.

C.G. appeals the district court's adoption of the magistrate judge's report and recommendation regarding sanctions, as well as its order awarding Houston attorney's fees.

## II. Discussion

### A. Report and Recommendation Regarding Sanctions

On appeal, C.G. argues that the district court abused its discretion by awarding sanctions. We may reverse the district court's determination of factual issues underlying the award of sanctions only if its findings are clearly erroneous. *Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987). By contrast, we review the decision to award sanctions for abuse of discretion. *Id.* In reviewing for abuse of discretion, we "keep in mind that because the trial court alone has an intimate familiarity with the relevant proceedings it is in a far superior position to pass on an attorney's conduct than a reviewing court." *Id.* (citation and internal quotation marks omitted).

C.G.'s initial contention is that the district court abused its discretion by awarding sanctions because Houston failed to comply with procedural prerequisites. C.G. relies in part on Local Rule 7-1(g)(1) of the U.S. District Court for the Southern District of Indiana, which requires movant's counsel to file a motion showing that she made reasonable efforts to confer with opposing counsel and resolve the issues raised in the

motion. S.D. Ind. L.R. 7-1(g)(1). Relatedly, Local Rule 37-1(a) requires movant's counsel to confer in good faith before involving the court in discovery disputes. S.D. Ind. L.R. 37-1(a); *see also* Fed. R. Civ. P. 37(a)(1) (requiring certification of such efforts). C.G. argues that because Houston did not engage in a discovery conference before her second motion for sanctions, the award of fees for issues raised in the second motion was improper. According to C.G., the sole discovery conference held on May 22, 2013—before the first motion for sanctions was filed—did not satisfy the court's meet-and-confer requirements with regard to Houston's second and third motions for sanctions. C.G. asserts that Houston should have called for an additional discovery conference and provided proper certification of efforts to confer with opposing counsel.

The evidence in the record indicates that Houston's counsel met the meet-and-confer requirements through participation in the May 2013 discovery conference, as well as through email exchanges and calls to opposing counsel. In the context of what the magistrate judge referred to as C.G.'s "obstreperous" conduct and "improper gamesmanship," we cannot accept C.G.'s contention that one discovery conference was insufficient. The record shows that Houston's counsel made various attempts to confer with C.G.'s counsel but that C.G. rebuffed these efforts. Because C.G. was largely responsible for the lack of meeting, the district court did not abuse its discretion in finding that Houston had complied with the procedural prerequisites.

C.G. further argues that it did not conduct discovery in bad faith and that any mistake or inadvertence on its part was nothing more than "bad record-keeping" unworthy of sanction. To be sure, we have declined to impose sanctions where

there is no showing of bad faith or improper purpose. *See, e.g.,* *Corley v. Rosewood Care Ctr., Inc. of Peoria*, 388 F.3d 990, 1014 (7th Cir. 2004). Nonetheless, upon review, there is sufficient evidence to support the district court's finding that C.G. acted in bad faith. For instance, before C.G. was joined as a defendant, Houston served on C.G. a non-party documents subpoena. C.G. never responded to this subpoena. Although Houston did not seek relief for C.G.'s failure to comply with the subpoena, service of the subpoena alerted C.G. to the need to search for and secure documents related to its work for Hyatt at the New Year's Eve party. Nevertheless, C.G.'s initial search as part of its discovery obligations did not take place until at least April 2013, roughly four months after C.G. was added as a party. Furthermore, C.G. did not provide information sought by Houston regarding the security personnel working for C.G. at the party in a timely manner, failed to alert Houston that it could not provide reasonably definitive information about the personnel, and then proceeded to continually change its answers about the personnel. There is also evidence of false or, at best, reckless and evasive testimony offered by at least one of C.G's witnesses, namely Charles Guynn, C.G.'s owner and president. Such conduct does not comport with C.G.'s claim that it did the best it could to provide Houston with accurate, timely information in discovery.

C.G.'s argument that the sanction award was disproportionate to the harm and the outcome of the underlying lawsuit is also unavailing. The magistrate judge did not clearly err in her factual findings related to C.G.'s misconduct in discovery, nor did she err in concluding that C.G.'s meritorious defense to Houston's claim that C.G. failed to provide adequate security services did not excuse C.G.'s misconduct. Given the am-

ple evidence of C.G.'s attempts to impede, delay, and frustrate Houston's discovery efforts, the district court did not abuse its discretion by imposing sanctions.

### B. Attorney's Fee Award

C.G. also challenges the nature of the sanction imposed by the district court, namely the award of attorney's fees. Under the federal rules, Rule 37 sanctions may include an order to pay the amount of the reasonable expenses incurred in making the motion for sanctions, including attorney's fees. Fed. R. Civ. P. 37(b)(2)(C). We review the district court's award of attorney's fees for abuse of discretion. *See Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 225 (7th Cir. 1992).

C.G. contends that the district court abused its discretion by awarding Houston's counsel an unreasonable attorney's fee: $135,423.91 in fees and costs. According to C.G., the itemized fee statement submitted by Houston's counsel was "outlandish and replete with overbilling on unrelated tasks." C.G. also objects to alleged large blocks of time billed on tasks that fall outside the scope of the court order.

Our case law provides that the "starting point in a district court's evaluation of a fee petition is a lodestar analysis; that is, a computation of the reasonable hours expended multiplied by a reasonable hourly rate." *Divane v. Krull Elec. Co.*, 319 F.3d 307, 317–18 (7th Cir. 2003). In the case at hand, the district court properly applied the lodestar analysis and offered a thorough explanation for why the costs, expenses, and time claimed by Houston's counsel were reasonable. At the outset, the district court evaluated the itemized fee statement and excluded entries requesting compensation for tasks it

deemed unrelated to discovery. The district court also explicitly addressed and rejected C.G.'s objections to thirteen specific billing entries. Moreover, the district court properly considered Houston's counsel's hourly rate of $250 per hour and determined that it was reasonable based on counsel's twenty-one years of litigation experience, as well as the fact that $250 per hour is counsel's standard hourly rate. Thus, we cannot conclude that the district court abused its discretion in calculating and awarding attorney's fees.

### III. Conclusion

For the foregoing reasons, we AFFIRM the judgment of the district court.